STATE OF CONNECTICUT *v.* MICHAEL STINSON
(10306)

LAVERY, LANDAU and FREEDMAN, Js.

Argued September 29—decision released November 23, 1993

*Paul Martin Tymniak,* special public defender, with whom, on the brief, were *David A. Kollmann,* and *Christine M. Mihalik,* special public defenders, for the appellant (defendant).

*Linda N. Howe,* assistant state's attorney, for the appellee (state).

LANDAU, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of manslaughter in the first degree with a firearm in violation of General Statutes §§ 53a-55a[1] and 53a-55 (a) (1).[2] The defendant claims that the trial court improperly con-

---

[1] General Statutes § 53a-55a (a) provides "A person is guilty of manslaughter in the first degree with a firearm when he commits manslaughter in the first degree as provided in section 53a-55, and in the commission of such offense he uses, or is armed with and threatens the use of or displays or represents by his words or conduct that he possesses a pistol, revolver, shotgun, machine gun, rifle or other firearm. No person shall be found guilty of manslaughter in the first degree and manslaughter in the first degree with a firearm upon the same transaction but such person may be charged and prosecuted for both such offenses upon the same information."

[2] General Statutes § 53a-55 (a) provides in pertinent part: "A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person . . . ."

cluded that the state did not fail to disclose exculpatory evidence in a timely manner so as to prejudice the defendant's right to a fair trial. We agree with the trial court and affirm the judgment.

The jury could have reasonably found the following facts. At approximately 7 p.m., on July 18, 1989, the defendant and Richard Gardner were selling drugs to a third party at the P. T. Barnum apartment complex in Bridgeport. During the course of the drug transaction, the defendant and Gardner argued over money and the defendant announced his intention to return and shoot Gardner.

Gardner went to the Barnum apartment of a friend, Tony Bell, following the argument with the defendant. He told Bell that "some guy wanted to shoot him over a couple of dollars." When Gardner left the building, he was followed by the defendant, who was carrying a handgun. Bell followed them, and saw and heard Stinson fire several shots in the victim's direction. When the defendant ran away, Bell discovered Gardner facedown in the street with a bullet wound in his back. Another friend of the victim, Robert Bowens, brought Gardner to the hospital where he was pronounced dead at approximately 7:30 p.m.

Several witnesses gave statements to the police implicating the defendant. Six bullet casings were recovered from the crime scene. All were fired from the same gun and matched the caliber and manufacturer of the bullet taken from the victim's body.

The defendant claims that, in violation of *Brady* v. *Maryland,* 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963),[3] the state's untimely disclosure of mate-

---

[3] In *Brady* v. *Maryland,* 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

rial evidence favorable to him violated his constitutional right to a fair trial. He argues that Bowens' testimony, which contradicted Bell's version of the events leading up to Gardner's death, was exculpatory information and not timely disclosed to the defendant, and that, by the time he discovered this evidence in trial preparation, he had been denied the effective use of it, thereby depriving him of a fair trial. The state maintains that it did not disclose evidence in an untimely manner. It claims that all of the police reports and other material in the prosecution's possession were disclosed to the defense when requested, and that its file did not contain information that alerted it to the possibility that Bowens' knowledge was favorable to the defendant's case.

Further facts are necessary for the resolution of this claim. Prior to trial, the defendant moved to compel the state to disclose all exculpatory evidence pursuant to *Brady* v. *Maryland,* supra. The motion was granted and the state complied. The disclosures included police reports that stated that Bowens had transported the victim to the hospital and that he had heard shots fired. Bowens did not give a signed statement to the police before or after the defendant's arrest because he was reluctant to involve himself with the case.

At trial, Bowens testified for the defense as to his recollection of the events. There were some discrepancies in the testimony of Bowens and Bell. Bowens testified that he was talking to the victim when the defendant appeared and chased the victim. He did not see a weapon in the defendant's hand as the defendant ran past him. Bowens claimed that when he heard shots, Bell was visible in a second floor window of the adjacent apartment building, and not outside following the chase as Bell stated in his testimony.

Whether the state made a late disclosure is in dispute; we will assume, arguendo, that the state's disclosure was late. It is clearly established that *Brady* v. *Maryland,* supra, prohibits the suppression of evidence that is favorable to the defendant and material to either the defendant's guilt or punishment.[4] Id., 87. "The purpose of the rule is to ensure that a defendant is not deprived of a fair trial. *United States* v. *Bagley,* 473 U.S. 667, 674–75, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985). Evidence is not suppressed within the meaning of *Brady,* however, if it is disclosed at trial as it was here. *State* v. *Rasmussen,* 225 Conn. 55, 91, 621 A.2d 728 (1993); *State* v. *Walker,* 214 Conn. 122, 126, 571 A.2d 686 (1990); *State* v. *Dolphin,* 195 Conn. 444, 455–56, 488 A.2d 812, cert. denied, 474 U.S. 833, 106 S. Ct. 103, 88 L. Ed. 2d 84 (1985). In such a situation, the defendant must demonstrate that the timing of the disclosure prejudiced him to the extent that he was deprived of a fair trial. *State* v. *Walker,* supra, 127; *State* v. *Reddick,* 197 Conn. 115, 122, 496 A.2d 466 (1985), cert. denied, 474 U.S. 1067, 106 S. Ct. 822, 88 L. Ed. 2d 795 (1986). The central issue in this claim, therefore, is whether the evidence was disclosed in sufficient time for the defendant to have effectively used it at trial. *State* v. *Pollitt,* 199 Conn. 399, 414, 508 A.2d 1 (1986). This is essentially a factual determination for the trial court. Id., 414, 416–17; see *State* v. *Pollitt,* 205 Conn. 132, 531 A.2d 125 (1987)." *State* v. *Harris,* 32 Conn. App. 476, 478–79, 629 A.2d 1166 (1993).

The defendant claims that the prejudicial late disclosure deprived him of a fair trial. He asserts that the

---

[4] "The unmistakable tone of *Brady* is that evidence required to be disclosed must be disclosed at a time when it can be used. . . . No denial of due process occurs if *Brady* material is disclosed . . . in time for its effective use at trial. . . . *State* v. *Pollitt,* 199 Conn. 399, 413–14, 508 A.2d 1 (1986); *State* v. *Harris,* 32 Conn. App. 476, 479, 629 A.2d 1166 (1993)." (Citations omitted; internal quotation marks omitted.) *State* v. *Daugaard,* 32 Conn. App. 483, 491, 630 A.2d 96 (1993).

state's late disclosure limited his ability to locate and prepare Bowens for trial and that he was limited in any investigations that might have produced other evidence corroborating Bowens' version of the facts. The defendant also claims that earlier disclosure would have allowed the defense to cross-examine Bell more effectively by revealing inconsistencies in his testimony. We are not persuaded by the defendant's argument.

Although Bowens' testimony was not suppressed as the term is used in *Brady,* we still must determine whether the late disclosure of evidence prejudiced the defendant. "[T]he rules governing suppressed evidence are instructive and applicable in our determination of prejudice. Accordingly, we evaluate the [defendant's] claim by examining the evidence within the broad context of the entire trial. '[T]he courts must avoid concentrating on the suppressed evidence in isolation. Rather, we must place it in the context of the entire record. Evidence that may first appear to be quite compelling when considered alone can lose its potency when weighed and measured with all the other evidence, both inculpatory and exculpatory.' *State* v. *Shannon,* 212 Conn. 387, 399–400, 563 A.2d 646, cert. denied, 493 U.S. 980, 110 S. Ct. 510, 107 L. Ed. 2d 512 (1989)." *State* v. *Harris,* supra, 481–82.

The defendant's culpability in the death of the victim was clearly established at trial with or without Bell's testimony.[5] Lawrence Gathers, Kennneth Geter and Jerry Johnson all testified that, on the evening of the shooting, the defendant chased the victim and was carrying a weapon. They heard shots and discovered the victim fatally wounded. The defendant's employer,

---

[5] Bowens' version of the events contradicts only Bell's testimony. It does not contradict the testimony of other witnesses to the crime. Therefore, if earlier disclosure had allowed the defendant to exploit Bowens' version to the point of fully discrediting Bell, the remaining evidence still supports the verdict.

Frank Sparks, was present at the crime scene that evening. He also observed the defendant chase and fire a gun at the victim. The defendant's claim does not substantiate a claim of prejudice. The statement in question differs from the testimony of only one witness with regard to that witness' location. The jurors' attention was drawn to the inconsistent nature of the witnesses' testimony, giving them the opportunity to decide the issue of credibility. We conclude that the timing of disclosure of Bowens' testimony was not prejudicial to the defendant and, therefore, did not deprive him of a fair trial.

The judgment is affirmed.

In this opinion the other judges concurred.